**Rule 1915.3. Commencement of Action. Complaint. Order[.]**

(a)      Except as provided **[by]in** subdivision (c), **[an action shall be commenced]the plaintiff shall commence a custody action** by filing a verified complaint substantially in the form provided by Pa.R.C.P. No. 1915.15(a).

*Note*:  *See* Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.

(b)      An order shall be attached to the complaint **or petition for modification** directing the defendant to appear at a time and place specified. The order shall be substantially in the form provided by **[Rule]Pa.R.C.P. No.** 1915.15(**[b]c**).

*Note*:  *See* **[§ 5430(d) of the ]**Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5430(d), relating to costs and expenses for appearance of parties and child, and 23 Pa.C.S. § 5471, relating to intrastate application of the Uniform Child Custody Jurisdiction and Enforcement Act.

(c)      A **[claim for custody which]custody claim that** is joined with **[an action of divorce]a divorce action** shall be asserted in the **divorce** complaint or a subsequent petition, which shall be substantially in the form provided by **[Rule]Pa.R.C.P. No.** 1915.15(a).

*Note*:  **[Rule]*See* Pa.R.C.P. No.** 1920.13(b)**[ provides that claims which may be joined with an](claims that are joined in a divorce** action**[ of divorce]** shall be raised **[by the]in a** complaint or a subsequent petition**)**.

(d)      If the **child's** mother**[ of the child]** is not married and the child has no legal or presumptive father, **[then ]**a putative father initiating **[an action for]a** custody **[must]action shall** file a **paternity** claim**[ of paternity]** pursuant to 23 Pa.C.S. § 5103 and attach a copy to the **custody** complaint**[ in the custody action]**.

*Note*:  If a putative father is uncertain of paternity, the correct procedure is to commence a civil action for paternity pursuant to the procedures set forth at **[Rule]Pa.R.C.P. No.** 1930.6.

**[(e)      A grandparent who is not in loco parentis to the child and is seeking physical and/or legal custody of a grandchild pursuant to 23 Pa.C.S. § 5323 must plead, in paragraph 9 of the complaint set forth at Rule 1915.15(a), facts establishing standing under § 5324(3). A grandparent or great-grandparent seeking partial physical custody or supervised physical custody must plead, in**

**paragraph 9 of the complaint, facts establishing standing pursuant to 23 Pa.C.S. §
5325.]**

        **(e)**     *Pleading Facts Establishing Standing.*

            **(1)**     **An individual seeking physical or legal custody of a child, who is *in loco parentis* to the child, shall plead facts establishing standing under 23 Pa.C.S. § 5324(2) in Paragraph 9(a) of the complaint in Pa.R.C.P. No. 1915.15(a).**

            **(2)**     **A grandparent seeking physical or legal custody of a grandchild, who is not in *loco parentis* to the child, shall plead facts establishing standing under 23 Pa.C.S. § 5324(3) in Paragraph 9(b) of the complaint in Pa.R.C.P. No. 1915.15(a).**

            **(3)**     **An individual seeking physical or legal custody of a child, who is not *in loco parentis* to the child, shall plead facts establishing standing under 23 Pa.C.S. § 5324(4) and (5) in Paragraph 9(c) of the complaint in Pa.R.C.P. No. 1915.15(a).**

            **(4)**     **A grandparent or great-grandparent seeking partial physical custody or supervised physical custody of a grandchild or great-grandchild shall plead facts establishing standing under 23 Pa.C.S. § 5325 in Paragraph 9(d) of the complaint in Pa.R.C.P. No. 1915.15(a).**

        (f)     An unemancipated minor parent may commence, maintain**,** or defend **[an action for]a** custody **action** of the minor parent's child without the requirement of the appointment of a guardian for the minor parent.

**Comment — 2020**

Act of May 4, 2018, P.L. 112, No. 21, amended 23 Pa.C.S. § 5324 by adding a new class of third-party standing for individuals seeking custody of a child whose parents do not have care and control of the child. The individual seeking custody may or may not be related to the child. Subject to Section 5324(5), the newly added standing provision requires that: (1) the individual has assumed or is willing to assume responsibility for the child; (2) the individual has a sustained, substantial, and sincere interest in the child's welfare; and (3) the child's parents do not have care and control of the child. A plaintiff proceeding under Section 5324(4) shall satisfy the requirements of that provision by clear and convincing evidence. Additionally, if a juvenile dependency proceeding has been initiated, or is ongoing, or there is an order for permanent legal custody, Section 5324(5) provides that an individual cannot assert standing under Section 5324(4).

Consistent with the Act 21 of 2018 statutory changes, subdivision (e) has been revised to include a third party seeking custody of a child under 23 Pa.C.S. § 5324(4). The subdivision has been reorganized to sequentially follow the statutory provisions in 23 Pa.C.S. §§ 5324(2)-(4) and 5325. Similarly, the Complaint for Custody Paragraph 9 in Pa.R.C.P. No. 1915.15(a) has been reorganized to sequentially follow the statutory provisions and rules sequence, as well. *See* Pa.R.C.P. No. 1915.15(a).

**Rule 1915.5. Question of Jurisdiction, Venue, or Standing. [No Responsive Pleading by Defendant Required.] Counterclaim. Discovery. <u>No Responsive Pleading by Defendant Required</u>**

**[(a)    A party must raise any question of jurisdiction of the person or venue, and may raise any question of standing, by preliminary objection filed within twenty days of service of the pleading to which objection is made or at the time of hearing, whichever first occurs. No other pleading shall be required, but if one is filed it shall not delay the hearing.]**

**<u>(a)      <i>Question of Jurisdiction, Venue, or Standing.</i></u>**

> **<u>(1)      A party shall raise jurisdiction of the person or venue by preliminary objection.</u>**

> **<u>(2)      A party may raise standing by preliminary objection or at a custody hearing or trial.</u>**

> **<u>(3)      The court may raise standing <i>sua sponte</i>.</u>**

> **<u>(4)      In a third-party plaintiff custody action in which standing has not been resolved by preliminary objection, the court shall address the third-party plaintiff's standing and include its standing decision in a written opinion or order.</u>**

*Note*:  The court may raise at any time a question of (1) jurisdiction over the subject matter of the action or (2) the exercise of its jurisdiction pursuant to **[§]<u>Section</u>** 5426 of the Uniform Child Custody Jurisdiction and Enforcement Act, relating to simultaneous proceedings in other courts, **[§]<u>Section</u>** 5427, relating to inconvenient forum, and **[§]<u>Section</u>** 5428, relating to jurisdiction declined by reason of conduct. The Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5407, provides that, upon request of a party, an action in which a question of the existence or exercise of jurisdiction is raised shall be given calendar priority and handled expeditiously.

(b)      A party may file a counterclaim asserting the right of physical or legal custody within **[twenty]<u>20</u>** days of service of the complaint upon that party or at the time of hearing, whichever first occurs. The claim shall be in the same form as a complaint as required by **[Rule]<u>Pa.R.C.P. No.</u>** 1915.3.

(c)      There shall be no discovery unless authorized by special order of court.

*Note*:  The rule relating to discovery in domestic relations matters generally is **[Rule]<u>Pa.R.C.P. No.</u>** 1930.5.

**(d)** **Except as set forth in subdivisions (a) and (b), a responsive pleading shall not be required.  If a party files a responsive pleading, it shall not delay a hearing or trial.**

\* \* \*

**Comment — 2020**

Act of May 4, 2018, P.L. 112, No. 21, amended 23 Pa.C.S. § 5324 by adding a new class of third-party standing for individuals seeking custody of a child whose parents do not have care and control of the child.  Subject to the limitations in 23 Pa.C.S. § 5324(5), the newly added standing provision requires that: (1) the individual has assumed or is willing to assume responsibility for the child; (2) the individual has a sustained, substantial, and sincere interest in the child's welfare; and (3) the child's parents do not have care and control of the child.  A plaintiff proceeding under Section 5324(4) shall satisfy the requirements of that provision by clear and convincing evidence.

Typically, when a third party is seeking custody of a child, the child's parents can raise the issue of the third party's standing to pursue custody.  However, Section 5324(4) permits a party to seek custody of a child only when the child's parents do not have care and control of the child.  If the parents' lack of care and control also results in their non-participation in the custody litigation, the third party's standing may go unchallenged.  Subdivision (a) has been amended by including two new subdivisions to address this circumstance.  Subdivision (a)(3) permits the court to raise standing *sua sponte* and, if third-party standing is not resolved by preliminary objection, the court shall address the standing issue in its written opinion or order as required by subdivision (a)(4).

**Rule 1915.15. Form of Complaint. Caption. Order. Petition to Modify a Custody Order[.]**

(a) The complaint in **[an action for custody]**<u>a custody action</u> shall be substantially in the following form:

(Caption)

## COMPLAINT FOR CUSTODY

1. The plaintiff is _____, residing at

_____.
    (Street)                         (City)       (Zip Code)      (County)

2. The defendant is _____, residing at

_____.
    (Street)                          (City)       (Zip Code)      (County)

3. Plaintiff seeks (shared legal custody) (sole legal custody) (partial physical custody) (primary physical custody) (shared physical custody) (sole physical custody) (supervised physical custody) of the following child(ren):

| Name | Present Residence | Age |
|------|-------------------|-----|
| _____ | | |
| _____ | | |
| _____ | | |

The child (was)(was not) born out of wedlock.

The child is presently in the custody of _____, (Name) who resides at

_____.
    (Street)                          (City)               (State)

During the past five years, the child has resided with the following persons and at the following addresses:

| (List All Persons) | (List All Addresses) | (Dates) |
|--------------------|----------------------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

A parent of the child is _____, currently residing at _____.

This parent is (married) (divorced) (single).

A parent of the child is _____, currently residing at _____.

This parent is (married) (divorced) (single).

4.      **[The ]Plaintiff's** relationship**[ of plaintiff ]**to the child is that of _____.

**[The plaintiff]Plaintiff** currently resides with the following persons:

| Name | Relationship |
|------|--------------|
| _____ | _____ |
| _____ | _____ |

5.      **[The ]Defendant's** relationship**[ of defendant]** to the child is that of _____.

**[The defendant]Defendant** currently resides with the following persons:

| Name | Relationship |
|------|--------------|
| _____ | _____ |
| _____ | _____ |

6.      Plaintiff (has) (has not) participated as a party or witness, or in another capacity, in other litigation concerning the custody of the child in this or another court. The court, term and number, and its relationship to this action is:

_____
_____
_____.

Plaintiff (has) (has no) information of a custody proceeding concerning the child pending in a court of this Commonwealth or any other state. The court, term and number, and its relationship to this action is: _____.

Plaintiff (knows) (does not know) of a person not a party to the proceedings who has physical custody of the child or claims to have custodial rights with respect to the child. The name and address of such person is: _____.

7.      The **child's** best interest and permanent welfare **[of the child ]**will be served by granting the relief requested because (set forth facts showing that the granting of the

relief requested will be in the **child's** best interest and permanent welfare**)[ of the child]**:

_____
_____.

8.      Each parent whose parental rights to the child have not been terminated and the person who has physical custody of the child have been named as parties to this action. All other persons, named below, who are known to have or claim a right to custody of the child will be given notice of the pendency of this action and the right to intervene:

| Name | Address | Basis of Claim |
|------|---------|----------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**[9.      (a)      If the plaintiff is a grandparent who is not in loco parentis to the child and is seeking physical and/or legal custody pursuant to 23 Pa.C.S. § 5323, you must plead facts establishing standing pursuant to 23 Pa.C.S. § 5324(3).**

_____
_____
_____

**(b)      If the plaintiff is a grandparent or great-grandparent who is seeking partial physical custody or supervised physical custody pursuant to 23 Pa.C.S. § 5325, you must plead facts establishing standing pursuant to § 5325.**

_____
_____
_____

**(c)      If the plaintiff is a person seeking physical and/or legal custody pursuant to 23 Pa.C.S. § 5324(2) as a person who stands in loco parentis to the child, you must plead facts establishing standing.**

_____
_____
_____]**

**9.      (a)      If the plaintiff is seeking physical or legal custody of a child and is _in loco parentis_ to the child, the plaintiff shall plead facts establishing standing under 23 Pa.C.S. § 5324(2).**

_____

_____

_____

**(b)     If the plaintiff is a grandparent seeking physical or legal custody of a grandchild and is not _in loco parentis_ to the child, the plaintiff shall plead facts establishing standing under 23 Pa.C.S. § 5324(3).**

_____

_____

_____

**(c)     If the plaintiff is seeking physical or legal custody of a child and is not in _loco parentis_ to the child, the plaintiff shall plead facts establishing standing pursuant to 23 Pa.C.S. § 5324(4) and (5).**

_____

_____

_____

**(d)     If the plaintiff is a grandparent or great-grandparent seeking partial physical custody or supervised physical custody of a grandchild or great-grandchild, the plaintiff shall plead facts establishing standing under 23 Pa.C.S. § 5325.**

_____

_____

_____

10.     Plaintiff has attached the Criminal Record/Abuse History Verification form required pursuant to Pa.R.C.P. No. 1915.3-2.

Wherefore, **[plaintiff]Plaintiff** requests the court to grant (shared legal custody) (sole legal custody) (partial physical custody) (primary physical custody) (shared physical custody) (sole physical custody) (supervised physical custody) of the child.

_____
**Plaintiff/**Attorney for Plaintiff

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Plaintiff

_Note:_ The form of complaint is appropriate if there is one plaintiff and one defendant and **[if]** the custody of one child is sought**[, or if]or** the custody of several children is sought and the information required by **[paragraphs]Paragraphs** 3 to 7 is identical for all of the children. If there are **[multiple]more than two** parties, the complaint should be appropriately adapted to accommodate them. If the custody of

several children is sought and the information required is not identical for all of the children, the complaint should contain a separate paragraph for each child.

*See* Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.

* * *

11

**Comment — 2020**

Act of May 4, 2018, P.L. 112, No. 21, amended 23 Pa.C.S. § 5324 by adding a new class of third-party standing for individuals seeking custody of a child whose parents do not have care and control of the child. The individual seeking custody may or may not be related to the child. Subject to the limitations in 23 Pa.C.S. § 5324(5), the newly added standing provision requires that: (1) the individual has assumed or is willing to assume responsibility for the child; (2) the individual has a sustained, substantial, and sincere interest in the child's welfare; and (3) the child's parents do not have care and control of the child. A plaintiff proceeding under Section 5324(4) shall satisfy the requirements of that provision by clear and convincing evidence. Additionally, if a juvenile dependency proceeding has been initiated, or is ongoing, or if there is an order for permanent legal custody, Section 5324(5) provides that an individual cannot assert standing under Section 5324(4).

Consistent with the Act's statutory change, the Complaint for Custody Paragraph 9 has been revised to include a third party seeking custody of a child under 23 Pa.C.S. § 5324(4) and has been reorganized to sequentially follow the statutory provisions in 23 Pa.C.S. §§ 5324(2)-(4) and 5325. Similarly, Pa.R.C.P. No. 1915.3(e) has been reorganized to sequentially follow the statutory provision sequence. *See* Pa.R.C.P. No. 1915.3(e).